**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

JEREMY ALLEN, CHARLES THOMAS,
ZOEY HOTT, MATTHEW WHITE,
MARTEZ GRIFFIN, ELIJAH TAYLOR,
and RAMONA ORELLANA,
*on behalf of herself and all similarly situated
individuals,*

                                   Plaintiff,

v.

                 Civil Action No. 1:24-cv-827-WEF

GLOBAL TEL*LINK CORPORATION,
D/B/A ViaPath TECHNOLOGIES,

                                Defendant.

## FINAL APPROVAL ORDER

This matter comes before the Court on Plaintiffs' Motion for Final Approval of the proposed class action settlement with Defendant Global Tel*Link Corporation d/b/a ViaPath Technologies ("Defendant") (Dkt. 50). Having considered all papers filed and arguments made with respect to the Settlement, and having provisionally certified a Settlement Class, the Court hereby **FINDS** that:

1.      On July 18, 2025, the Court held a Final Approval Hearing, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement.

2.      Certification for settlement purposes of the Settlement Class, as defined by the Settlement Agreement and the Preliminary Approval Order, is appropriate pursuant to Rule 23(a), and (b) of the Federal Rules of Civil Procedure.

3.      Notice to the Settlement Class required by Fed. R. Civ. P. 23(e) has been provided in accordance with the Settlement Agreement and the Preliminary Approval Order.  Such notice

has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Fed. R. Civ. P. 23(e) and due process.

4.      Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed Defendant's notice of compliance and finds that Defendant's notice complies with the application requirements of CAFA.

5.      The Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by counsel for the Parties and is supported by the Parties.

6.      The Settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate to the members of the Settlement Class, in light of the complexity, expense, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

7.      The relief provided in the settlement constitutes fair value given in exchange for the release of claims.

8.      The list of individuals attached to the Settlement Administrator's Declaration filed on July 17, 2025 (ECF No. 58-1) are determined to have validly excluded themselves from the Settlement Class in accordance with the provisions of the settlement and the Preliminary Approval Order.

9.      One (1) objection was received from Frederick Hamilton (Dkt. 54). For the reasons stated in open court at the Final Approval Hearing, and because Hamilton's objection is untimely, fails to comply with the requirements specified in the Notice to the Settlement Class, and does not object to the substance of the settlement, Hamilton's objection is **OVERRULED**.

10.     One (1) "Motion to Appoint Counsel" was received from Jason Light (Dkt. 55). For the reasons stated in open court at the Final Approval Hearing, and because Light, who is incarcerated in Virginia, is not a member of the settlement class, Light's Motion (Dkt. 55) is **DENIED**.

11.     Previously, one (1) "Petition for Judicial Notice to be Party of Suit" was received from Corey Taylor (Dkt. 46). Because Taylor was not a member of the settlement class, the Court denied (Dkt. 48) Turner's petition.

12.     The Parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

13.     It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party, which in any way relates to the applicability or scope of the Settlement Agreement or the Final Approval Order, should be presented exclusively to this Court for resolution.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

14.     This action is a class action against Defendant Global Tel*Link Corporation d/b/a ViaPath Technologies on behalf of a class of people that has been defined as follows:

> All people whom, between May 15, 2022, and April 30, 2023, GTL charged more than (1) $0.20 per minute for video visitation services; (2) $0.15 cents per message for text, photo, and video messages; (3) $0.04 cents per minute to access paid content; and/or (4) charged for access to free content, in connection with an inmate's use of a GTL Inspire® Wireless Tablet platform in WVDCR facilities.

The Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Parties' counsel; any Judge overseeing or considering the approval of the Settlement,

together with members of their immediate family and any judicial staff, and those who validly

excluded themselves from the Settlement Class as noted above.

15.    The Settlement Agreement submitted by the Parties for the Settlement Class is

finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable,

and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall

therefore be deemed incorporated herein and the proposed settlement is finally approved and shall

be consummated in accordance with the terms and provisions thereof, except as amended or

clarified by any subsequent order issued by this Court.

16.    This action is hereby dismissed on the merits, with prejudice and without costs.

17.    As agreed by the Parties in the Settlement Agreement, upon the Effective Date, the

Released Parties shall be released and discharged in accordance with the Settlement Agreement.

18.    Each Settlement Class Member is permanently barred and enjoined from

instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts

Released Claims against the Released Parties.[1]

19.    Without affecting the finality of this judgment, the Court hereby reserves and

retains jurisdiction over this Settlement, including the administration and consummation of the

Settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive

jurisdiction over Defendant and each Settlement Class Member for any suit, action, proceeding or

dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the

Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning

the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other

proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement

---

[1] Defined terms used in this Order have the same meaning provided in the Settlement Agreement.

are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

20.     Upon consideration of Class Counsel's application for fees and costs, the Court awards $90,000.00 as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses, to be paid by Defendant Global Tel*Link Corporation d/b/a ViaPath Technologies.

21.     Upon consideration of the application for an individual service award, Named Plaintiffs Jeremy Allen, Charles Thomas, Zoey Hott, Matthew White, Martez Griffin, Elijah Taylor, and Ramona Orellana are each awarded the sum of $3,500.00 to be paid by Defendant, in consideration for the service they have performed for and on behalf of the Settlement Class.

22.     The Parties' distribution plan of payments to the Settlement Class Members as detailed in the Settlement Agreement is approved for implementation.  Should funds remain after all distributions are made, and the check negotiation period provided for in the Settlement Agreement has passed, the Parties' chosen *cy pres,* The REACH Initiative, 2207 Washington Street SE, Charleston, West Virginia 25311, is approved for receiving such balance.

23.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

It is **SO ORDERED**.

Date: July 18, 2025

_William E. Fitzpatrick_
WILLIAM E. FITZPATRICK
United States Magistrate Judge